MONTCLAIR LIGHT AND POWER COMPANY, PROSECUTOR, v. TOWN OF MONTCLAIR.

Submitted April 4, 1901—Decided November 11, 1901.

A municipality entered into a contract with a public lighting company by the terms of which the latter were required to erect and maintain, at such places in the streets of the municipality as the lighting committee thereof might direct, certain incandescent lamps, and to furnish and erect the necessary poles for the same. *Held,* that the erection by the lighting company of a pole upon one of the streets of the municipality, in pursuance of the terms of this contract, without obtaining the consent of the abutting owner, did not subject the company to liability for violation of a prior ordinance of the municipality which prohibited the company from erecting a pole in any street or highway of the municipality without the consent, in writing, of the owner in front of whose property the pole should be erected.

On *certiorari.*

Before Justices GUMMERE and FORT.

For the prosecutor, *Chandler W. Riker.*

For the defendant, *Edwin B. Goodell.*

The opinion of the court was delivered by

GUMMERE, J.   This writ brings up for review a judgment of the Court of Common Pleas of Essex county affirming a summary conviction had against the prosecutor before the recorder of the town of Montclair for violation of a provision of an ordinance of that town which prohibited the Montclair Light and Power Company from erecting a pole in any street or highway of the town without the consent, in writing, of the owner of the property in front of which said pole should be erected.

The ordinance in question was passed November 18th, 1895. On the 26th day of December, 1899, the town of Montclair entered into a contract with the prosecutor with relation to the public lighting of the streets of the town, by the terms of which the prosecutor was required to erect and maintain at such places, within the public streets of the town, as might be directed by its "lighting committee," two hundred or more incandescent lamps, and to furnish and erect the necessary poles therefor.   In pursuance of this contract the locations of the lamps called for by its provisions were agreed upon by the parties to it, and the prosecutor thereupon proceeded to erect poles at the points so fixed.   At one of these points it erected a pole without obtaining the consent, in writing, of the owner in front of whose property it was located; and this is the act which is alleged by the town to be a violation of the ordinance of November 18th, 1895, and which is the foundation of the conviction had against the prosecutor.

The duty imposed upon the prosecutor, by the contract of December 26th, 1899, of erecting poles in such places in the public streets as the "lighting committee" of the town should

direct, was an absolute one, and not a duty the performance of which was conditioned upon the ability of the prosecutor to obtain the consent of abutting owners thereto. The necessary effect of the imposition of this duty upon the prosecutor was to relieve it from the prohibition of the ordinance so far as the erection of poles in the locations designated by the "lighting committee" was concerned. For this reason the Court of Common Pleas should have set aside the conviction had before the recorder.

The judgment under review should be reversed.